IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MITCHELL, | ) | 4:11CV3116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LESLIE DOUGLAS, ETTA | ) | |
| GRAVES, and DOUG JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 21, 2011. (Filing No. 1.) Plaintiff is not a prisoner and has been given leave to proceed in forma pauperis in this matter. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against three Defendants, all employees of Douglas County, Nebraska. (Filing No. 1 at CM/ECF p. 2.) Plaintiff's Complaint is difficult to decipher. As best as the court can tell, Plaintiff alleges that the Douglas County, Nebraska County Court sentenced him to a term of 30 days in jail as a result of a state criminal case. (*Id.*) Plaintiff alleges that Defendants "are guilty of cabalously hypothecating/deep sixing" Plaintiff's appeal of this sentence. (*Id.* at CM/ECF p. 1.) Defendants filed Plaintiff's notice of appeal, but failed to file his request for bond in the state-court criminal matter. (*Id.* at CM/ECF p. 3.) Plaintiff seeks an injunction requiring Defendants to stop "depredations on and violations of" Plaintiff's "constitutional rights." (*Id.* at CM/ECF pp. 4-5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendants failed to file his pleadings regarding bail, and delayed the filing of his notice of appeal, in his state-court criminal proceedings. (Filing No. 1.) The abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971), provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005); *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2d Cir. 2001) (holding that the plaintiff's

claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

Here, it is clear that Plaintiff has ongoing state-court matters in Nebraska. There is no question that he may raise his claims relating to his bond while his case is on appeal in that ongoing state-court proceeding. Additionally, Plaintiff may also raise any complaints regarding Defendants' delay in filing his appeal in his state-court proceeding. Plaintiff has not alleged that the state court proceeding will not provide him with an adequate opportunity to raise his federal claims and this court will therefore abstain from hearing any of Plaintiff's claims that relate to his ongoing state court proceeding.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of September, 2011.

---

[1] Plaintiff may also be seeking relief from the state court's decision regarding his sentence. However, this court is barred from exercising jurisdiction over those final state-court judgments because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.